# Chambly *v.* Williams.

## *Ejectment.*

(Decided Jan. 18, 1912.   57 South. 374.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where the action was by an heir of the deceased owner, and the defendant claimed title only through co-heirs, if it was error to admit evidence to show the title or possession of the deceased owner during his lifetime, it was not prejudicial to the defendant.

2. *Ejectment; Title of Plaintiff; Evidence.*—Where the action was by an heir of the deceased owner, and the defendant's sole claim of title was as a grantee of co-heirs, and under the undisputed evi-

[Chambly v. Williams.]

dence the plaintiff was entitled to his undivided interest therein, it was proper to instruct the jury that if they believed the evidence, plaintiff was entitled to a verdict for an undivided interest.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by W. W. Williams against George W. Chambly. Judgment for plaintiff and defendant appeals. Affirmed.

The suit was originally begun by A., J. B., E. B. and W. W. Williams, but was later amended by striking as parties plaintiff, all except W. W. Williams, and the suit proceeded to judgment in favor of said W. W. Williams for a one-eighth undivided interest in the lands sued for.

BARNES & DENSON for appellant. The court erred in admitting testimony by W. W. Williams as to the claim or ownership of the land before the death of David S. Williams.—Section 4007, Code 1907; *McDonald's case*, 131 Ala. 359; *Oliver v. Williams*, 50 South. 937; *Blount v. Blount*, 158 Ala. 242. Counsel discuss other errors assigned, but without further citation of authorities.

N. D. DENSON, and E. M. OLIVER, for appellee. Williams was not incompetent to testify as to the possession of his father before his death.—*Hendricks v. Kelly*, 64 Ala. 388. It was undisputed that plaintiff was entitled to his undivided one-eighth interest, and the court properly directed the verdict for him.

MAYFIELD, J.—This action is statutory ejectment. All parties claim title through a common source, that of David S. Williams, who died in 1890; the land in question forming his homestead or a part of it. David S. Williams left surviving him a widow and nine chil-

dren; the widow dying in 1896, and one of the children dying, without issue, in 1900 or 1901. David S. Williams dying intestate, the title to the land descended to his remaining eight children, and their descendants. The defendant, Chambly, claimed title through conveyances by three of the children of David S. Williams, and by J. W. Reed, who was a grandson of said Williams. The plaintiff claimed title as an heir of Williams. After the evidence was all introduced, the trial court, at the request of the plaintiff, in writing, instructed the jury that, if they believed the evidence, to find for the plaintiff an undivided eighth interest in the land, which the jury did; and the court entered judgment accordingly. From that judgment defendant appeals.

Four errors are assigned and argued by appellant. The first two assignments are based upon a ruling of the court, allowing the plaintiff, as a witness, to be asked by his counsel, "Who claimed to own the land in question at that time?" and the answer thereto, "My father, David S. Williams."

The third assignment was based upon the action of the court in allowing the same witness to testify as to the length of time his father was in possession of the land, using and claiming it as his own.

In the view we take of the case, after a close examination of the record and all the evidence, we are of the opinion that, if there could have been any error by the court in admitting this testimony (and we do not say that there could under the peculiar facts of this case), it was clearly without injury or detriment to the defendant. His title depended solely upon that of David S. Williams, and the only effect or purpose of this evidence was to show the title or possession of David S. Williams during his lifetime.

[Chambly v. Williams.]

As we read the record, there was no attempt on the part of defendant to show any title to the land in question, except to that which he acquired by deeds and conveyances from the heirs of David S. Williams, and there was no evidence—certainly none sufficient—to carry the question to the jury that the defendant or any one else had ever acquired the plaintiff's interest in these lands, which interest the undisputed evidence shows was an undivided eighth which he was entitled to recover. While it is true, as contended by appellant, that defendant claimed title through one Reed, it is also shown, without dispute that Reed owned, and claimed title, only as an heir of said David S. Williams.

While some of the evidence showed an attempted sale of these lands for partition, it was not sufficient to carry that question to the jury, for there was no evidence that the defendant or any one else had even thus acquired title in or to these lands, or any part thereof; and, as the defendant's sole claim of title was that from a part of the heirs of the said David S. Williams, the plaintiff was unquestionably entitled to recover his undivided one-eighth thereof. Consequently the trial court did not err in so instructing the jury.

Affirmed.

All the Justices concur, save DOWDELL, C. J., not sitting.